ANNA VALTSAKIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valtsakis v. Commissioner
Docket No. 6498-83.
United States Tax Court
T.C. Memo 1985-541; 1985 Tax Ct. Memo LEXIS 89; 50 T.C.M. (CCH) 1333; T.C.M. (RIA) 85541; October 28, 1985. Anna Valtsakis, pro se. Sandy Freund, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $624 in petitioner's *90 Federal income tax for the taxable year 1980. After a concession by respondent with respect to an item of interest income, the issue for decision is whether petitioner is entitled to a deduction of $1,500 for a contribution to an Individual Retirement Account (IRA) under section 219 [1] and should be liable for a 6-percent excise tax amounting to $90 under section 4973. As a matter of convenience, we have combined our findings of fact and opinion. This case was submitted as a fully stipulated case. The facts as stipulated are found accordingly. Petitioner resided in Spring Valley, New York at the time the petition herein was filed and at the time her 1980 Federal income tax return was filed. Petitioner was employed by the County of Rockland (the "County") from January through September 1980. During that period, the County had a pension plan in effect qualified under section 401(a). Petitioner was a noncontributory member of that plan. From October through December, 1980, petitioner was employed by Good Samaritan Hospital, which had a pension plan *91 available to employees who had been employed for three years. Petitioner was never at any time a member of that plan. Petitioner was clearly an active participant in the County plan during a part of 1980. Thus, under the decided cases, she was presumptively not entitled to any deduction for an IRA contribution; the fact that she acquired no vested rights under the plan prior to her termination of employment does not justify a different conclusion. and cases discussed therein. The only possibility of her being entitled to such a deduction lies in the fact that under the County plan, the plan contained no provision whereby she would receive any credit for her previous participation in the plan in the event that she were unemployed by the County. See . Thus, there is an absence of potential for double tax benefits, which was the keystone of the reversal of our decision by the Seventh Circuit Court of Appeals in , revg. a Memorandum Opinion of this Court. However, in , *92 we specifically rejected any distinction based upon the absence of any such potential. See also , affg. a Memorandum Opinion of this Court. In view of the foregoing, we conclude that respondent's disallowance of petitioner's IRA contribution should be sustained. That conclusion mandates the imposition of the 6 percent excise tax under section 4973. , affg. ; While we sympathize with petitioner in her view that the result herein seems harsh and while we recognize that she might well have prevailed had she resided in the jurisdiction of the Seventh Circuit Court of Appeals, we are not persuaded that either of these considerations justifies our rewriting the statute in order "to achieve what would appear to be an equitable result." See [2]
*93 To reflect respondent's concession, Decision will be entered that there is a deficiency of $606 in petitioner's 1980 income tax.
Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. For taxable years beginning after December 31, 1981, the limitation in respect of IRA contribution by an "active participant" in a qualified plan was repealed. Pub. L. 97-34, sec. 311, 95 Stat. 274, 283.↩